## JOHN H. HAMILTON *vs.* SARAH B. CONE.

*Before the St. of 1844, c. 107, took effect, land paid for and occupied by a debtor, the legal title to which he had never held, but had caused to be conveyed to a third person in order to secure it from his creditors, could not be attached or taken on execution as the debtor's property. And such grantee, if he was an infant too young to participate in the fraud, may maintain a writ of entry for the land against one of such debtor's creditors who has taken it on execution.*

GRAY, J. This is a writ of entry to recover one undivided fifth part of land in Stockbridge. The demandant claims title under a deed made by William Whitney to the demandant and four other children of George W. Hamilton in January 1843, when the demandant was seven months old and the oldest of the grantees was eight years of age. The tenant has the title of several creditors of George W. Hamilton, who in 1850 and 1851 commenced actions against him on debts due before January 1843, in which they specially attached this land in accordance with the provisions of the St. of 1844, *c.* 107, and afterwards recovered judgments upon which the whole of the land was set off on execution. The tenant offered to prove that before January 1843 George W. Hamilton held a contract from Whitney for the conveyance of the land, had built and occupied a dwelling-house thereon, had paid to Whitney the sum of twenty dollars, being the price of the land, had caused the deed thereof to be made to his infant children with the design and purpose of securing the land from attachment by his creditors, whether existing or subsequent, and thereby delaying and defrauding them, and that he was then embarrassed with debts which he had no other means of paying. The judge presiding at the trial ruled that the facts proved and offered to be proved constituted no defence, a verdict was returned for the demandant, and the tenant alleged exceptions.

The facts stated in the bill of exceptions show no title in the tenant. The conveyance in question was made in 1843. Until the St. of 1844, *c.* 107, took effect, land paid for and occupied by a debtor, the legal title to which had never been in him, but

had been conveyed to another person in order to secure it from his creditors, could not be attached or taken on execution as his property. *Howe* v. *Bishop*, 3 Met. 26. That statute was in terms confined to future purchasers. In *Foster* v. *Durant*, 2 Gray, 538, the court did not touch this question, and had no occasion to consider it, because it was held that in that case no proceedings had been had in accordance with the statute. The Gen. Sts. *c.* 103, § 1, and *c.* 123, § 55, have no retrospective operation upon executions levied before their passage.

The only case cited for the tenant which requires special consideration is that of *Goodwin* v. *Hubbard*, 15 Mass. 210. But in that case the person to whom the conveyance was made, as well as his subsequent grantee, the demandant, participated in the fraudulent intent of the debtor who paid the purchase money ; and the decision by which this court, having then no jurisdiction in equity to redress fraud, held that a grantee who participated in the fraudulent intent could not maintain a writ of entry against a creditor who had taken the land on execution against the fraudulent debtor, cannot be extended to this case, in which the demandant at the time of the conveyance to him was an infant of less than a year old and could not participate in the fraud, and there was no offer to show that the conveyance was without adequate consideration. See *Howe* v. *Bishop*, 3 Met. 30; *Clark* v. *Chamberlain*, 13 Allen, 257.

The evidence introduced and offered by the tenant therefore neither showed any legal title in himself, nor any defect in the legal title of the demandant. If the tenant has a right which can be maintained in any form against the demandant, (upon which we express no opinion,) it is in equity, and not at law.

*Exceptions overruled.*

*I. Sumner & M. Wilcox*, for the tenant.

*A. J. Waterman*, for the demandant.