SARAH B. CONE *vs.* JOHN H. HAMILTON & others.

H., having caused land occupied and paid for by himself, but of which he never held the legal title, to be conveyed to his children in fraud of his creditors, the creditors made a levy of an execution against him on the land, which passed no title because the conveyance was made before the St. of 1844, *c.* 107, took effect. The creditors then conveyed the land to C., who entered and made improvements, after which P., fraudulently and collusively with H. and the children, levied an execution on the land as property of the children. *Held*, that C. could not maintain a bill in equity for relief against P. and H. and the children, without making the creditors parties.

GRAY, J. The material facts alleged in the bill and admitted by the demurrer may be briefly stated. George W. Hamilton, being in the occupation of land under an agreement of the owner to convey it to him on his payment of the sum of twenty dollars, and having built a house upon it with his own funds and labor, on the 12th of January 1843, being in debt to various persons, and intending to defraud them, paid to the owner of the land the sum agreed, and had the land conveyed to his own children, the eldest of whom was under eight years of age, and neither of whom paid any consideration for the conveyance. Hamilton's creditors brought actions and recovered judgments against him on debts due before that conveyance, levied the executions issued on those judgments upon the land, and severally conveyed their interests in the land by deeds of quitclaim to David Stanton. Stanton conveyed the land by deed of quitclaim for a valuable consideration to the present plaintiff, who entered upon and occupied the land and made improvements thereon, with the knowledge of Hamilton and his children. This bill is

brought by the plaintiff alone against Hamilton and his children and Thomas B. Patterson, who has fraudulently and collusively levied an execution on the land as the property of those children.. The bill prays for an injunction against proceedings at law, and for general relief.

It has been decided that the levies of executions in favor of Hamilton's creditors passed no title, because at the time of the conveyance to Hamilton's children (which was before the St. of 1844, *c.* 107, took effect) there was no statute by which land paid for and occupied by a debtor, the legal title to which had never been in him, but had been conveyed by his procurement to other persons in order to secure it from his creditors, could be attached or taken on execution at law as his property. *Hamilton* v. *Cone,* 99 Mass. 478.

Upon this state of facts, either of two remedies was open to the judgment creditors. The conveyance being fraudulent as against them, the parties who took the legal title (though not participating in the fraud) paying no consideration for the conveyance, and the equitable title being in the debtor who paid the purchase money, the judgment creditors might doubtless have maintained bills in equity to charge the land with their debts. *Huguenin* v. *Baseley,* 14 Ves. 273. *Neate* v. *Marlborough,* 3 Myl. & Cr. 407. *Goldsmith* v. *Russell,* 5 De Gex, Macn. & Gord. 547. *Bayard* v. *Hoffman,* 4 Johns. Ch. 450. *Lynde* v. *McGregor,* 13 Allen, 182. Or, it appearing that the land cannot be held under their levies, they might by *scire facias* have obtained new executions on the original judgments. *Dennis* v. *Arnold,* 12 Met. 449. *Dewing* v. *Durant,* 10 Gray, 29. Gen. Sts. *c.* 103, § 22.

It does not however follow that this bill can be maintained in its present form. The plaintiff has acquired no interest in those judgments or in the debts on which they were recovered. The only transfers from the judgment creditors, under which she claims, are quitclaim deeds, without covenants of warranty, of the land taken on execution, which, as the grantors had no title, passed none. Those creditors are not made parties to this suit, either as plaintiffs or defendants, and would therefore be at

liberty, notwithstanding any decree therein, to pursue their remedy by *scire facias* against their debtor. It would be inconsistent with the principles and the practice of courts of equity to maintain this bill, upon the ground that the original conveyance was fraudulent and void as against the judgment creditors, without making them parties to the suit in due form.

As to the improvements made by the plaintiff, the bill does not show that she has not an adequate remedy at law by making a claim therefor upon any writ of entry brought to dispossess her of the premises. Gen. Sts. *c.* 134, §§ 18–36.

*Demurrer sustained.*

*A. J. Waterman,* for the defendants.

*I. Sumner,* (*M. Wilcox* with him,) for the plaintiff.