DAVID WIGGIN & another *vs.* C. H. HEYWOOD & others.

Hampden.    Sept. 28. — Oct. 22, 1875.   AMES & DEVENS, JJ., absent.

Land subject to a mortgage was attached on mesne process, and a second mortgage upon it was afterwards given. Before the attaching creditor recovered judgment the land was sold by the first mortgagee, under a power of sale contained in his mortgage, for more than enough to pay the mortgage debt and expenses of sale. *Held,* that the attaching creditor could by a bill in equity, brought within thirty days after judgment, enforce his lien against the surplus proceeds of the sale remaining in the hands of the first mortgagee.

BILL IN EQUITY, filed January 4, 1875, against C. H. Heywood, Francis Cogin, Robert B. Johnson and Jones S. Davis, alleging the following facts :

On January 28, 1871, Jones S. Davis, being the owner of certain real estate in Holyoke and Chicopee, mortgaged it to the defendant Heywood to secure payment of $7500 on demand, with interest at seven per cent. On January 13, 1873, all the right, title and interest of Davis in said real estate was attached upon a writ against him in favor of the defendant, Cogin, in an action of contract upon a promissory note for $1000, signed by said Davis and payable to Cogin on demand. The writ was duly entered in court, and the action was pending at the filing of this bill. On January 15, 1873, the plaintiffs caused all the right, title and interest of Davis in said real estate to be attached upon a writ in their favor, which was duly entered in court, and upon which a judgment for $1387.46 damages and $46.26 costs, was rendered December 5, 1874, in their favor, and execution issued December 10, 1874.

On April 7, 1874, the defendant Heywood, for breach of condition and in pursuance of a power of sale in the mortgage, sold the mortgaged premises for $10,400, of which amount, after retaining all sums secured by the mortgage, together with interest and all costs and expenses, a surplus of $4000, or thereabouts, remained in his hands. Demand was made by the plaintiffs upon Heywood for satisfaction of the execution in their favor out of the surplus remaining in his hands, except so much as might be needed to satisfy such judgment as Cogin might recover. This demand was refused, Heywood alleging that the money belonged to and was claimed by the defendant Johnson, to whom Davis

made a mortgage of said land on April 7, 1873, to secure payment of $5500 on demand, which sum was unpaid. The prayer of the bill was for payment of said money to the plaintiffs in satisfaction of their judgment and execution, and for general relief.

The defendants demurred to the bill for want of equity. The case was heard and reserved by *Colt*, J., on the bill and demurrer, for the consideration of the full court.

*W. S. B. Hopkins*, for the defendants. The plaintiffs acquired no higher or greater rights in the property than Davis had when the attachment took place. Drake on Attachment, § 223.

At the time of the attachment, the land was subject to a mortgage, which constituted a paramount incumbrance thereon. This incumbrance included an irrevocable power to sell the whole estate and turn it into money. *Gardner* v. *Barnes*, 106 Mass. 505. At the time of the levy, all the interest of the mortgagor or assignee of the equity had been converted into money under the provisions of that paramount incumbrance, and could no longer be considered as real estate. As the attachment had imposed a lien for thirty days after judgment on real estate only, that lien cannot be enforced on money. To hold money, a new attachment is required. The officer's return holds land only as subject to seizure for thirty days. A creditor's remedy at law in such a case is limited to attachment by trustee process or otherwise, before the money is paid over. If he has his judgment, he can commence a new suit on this; or, if not, he can abandon his old suit and commence anew. He has, however, an equitable remedy analogous to the statutory provisions fixing the relations of an attaching creditor to personal property which is subject to mortgage, namely, he may bring his bill to redeem, and, by paying off and taking an assignment of the paramount incumbrances, protect and utilize his lien.

The decisive objection to the maintenance of this bill, however, is that the case presents a conversion, and the money cannot be treated as real estate. Even if the case were capable of being brought within the doctrine of equitable conversion, that would not avail the plaintiffs, because there is a conversion in the lifetime of the owner of the equity. It passes at once to the personal representatives of the owner of the equity, and the widow is defeated of her dower in it. Leigh & Dalzell on Conversion.

87. *Varnum* v. *Meserve*, 8 Allen, 158. *Newhall* v. *Lynn Savings Bank*, 101 Mass. 428.

This position is fortified by numerous instances of legislation in this Commonwealth providing for cases where conversion of real estate to money would have defeated rights as important as these plaintiffs' claims, as in case of sales by executors and administrators; Gen. Sts. *c.* 102, § 44; or in case of sales of estates burdened by contingent remainders. Sts. 1868, *c.* 287; 1875, *c.* 117.

*G. M. Stearns & M. P. Knowlton*, for the plaintiffs.

GRAY, C. J. By the statutes of the Commonwealth, all lands of a debtor, and all his rights of redeeming lands mortgaged, may be taken on execution; and all real estates liable to be taken on execution may be attached on the original writ, and "held as security to satisfy such judgment as the plaintiff may recover," and, if final judgment is rendered for him, "shall be held thirty days after the judgment, in order to their being taken on execution." Gen. Sts. *c.* 103, § 1; *c.* 123, §§ 32, 42.

The plaintiff, therefore, by his attachment, acquired a lien on the land of his debtor, subject only to prior conveyances thereof or incumbrances thereon. The sale and conveyance of the land under the power contained in the previous mortgage passed an indefeasible title to the purchaser at that sale, cut off all right of redemption of the mortgagor or any one claiming under him, and prevented any levy of execution upon the land by virtue of an attachment subsequent to the mortgage. *Gardner* v. *Barnes*, and *Eldridge* v. *Kingsbury*, 106 Mass. 505. By the sale under the power in the mortgage, the land was turned into money, which was to be applied in the first instance to the payment of the debt and expenses of the mortgagee, and any surplus of which belonged to the same persons as the land before the sale; and their respective rights in the fund were not affected, except so far as relinquished by their own act. *Varnum* v. *Meserve*, 8 Allen, 158. *Newhall* v. *Lynn Savings Bank*, 101 Mass. 428.

No means being provided by the common law or by statute for the attaching creditor to enforce his right in this fund, a case is presented in which a court of chancery, according to its well settled practice, will afford a remedy, to the same effect and upon the same conditions, as nearly as may be, as in proceedings at law in

like cases. *Dillon* v. *Plaskett*, 2 Bligh N. S. 239, 284 ; *S. C.* 1 Dow & Cl. 320. *Neate* v. *Marlborough*, 3 Myl. & Cr. 407. *Smith* v. *Hurst*, 10 Hare, 30. *M'Dermutt* v. *Strong*, 4 Johns. Ch. 687. *Burton* v. *Smith*, 13 Pet. 464. *Cone* v. *Hamilton*, 102 Mass. 56.

The present bill having been filed within thirty days after judgment in the action in which the plaintiffs' attachment was made, and while the surplus of the money received at the sale remained in the hands of the mortgagee, the

*Demurrer must be overruled.*