### ANDREW C. SLATER *vs.* CHARLES COBB & others.

Essex.   November 7, 1890. — January 8, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mistake — Equity Pleading — Cross Bill — Impertinence.*

A bill in equity was brought for the correction of a mistake as to a boundary in a deed from the defendants to the plaintiff, which was given to correct an earlier mistake in a conveyance to him by their predecessor in title, on the ground that the land thereby rebounded was only a part of the land originally conveyed. The mistake in question was admitted, but it was sought by answer and cross bill to condition relief upon the correction of another alleged error in the first deed, consisting of the omission of a restriction against building on the boundary line. *Held*, that no defence to the bill was set up, and that a demurrer to the cross bill and exceptions to the answer were properly sustained.

BILL IN EQUITY, filed in the Superior Court, to reform a deed on the ground of mistake. Hearing before *Aldrich*, J., who sustained a demurrer to a cross bill filed by the defendants, and certain exceptions to the answer, and made a decree for the plaintiff; and the defendants appealed to this court. The facts appear in the opinion.

*W. O. Underwood*, for the plaintiff.

*C. S. Rackemann*, for the defendants.

HOLMES, J.   This is a bill to correct a mistake in a deed settling the boundaries between the plaintiff and the defendants, which deed was intended to correct an earlier mistake in the original conveyance to the plaintiff by the defendants' predecessor in title. The mistake complained of is, that the land rebounded is described, and is accepted by the plaintiff, as the whole land first conveyed, whereas in fact it is only a part. The defendants admit this mistake, but by answer and cross bill ask the court to make the plaintiff's relief conditional upon the correction of another alleged error in the original deed to the plaintiff, consisting in the omission of a restriction against building on the boundary line. The Superior Court sustained a demurrer to the cross bill, and exceptions to so much of the answer as sought to set up the matter stated, and made a decree for the plaintiff. The defendants appeal.

The decree of the Superior Court was right. Granting the prayer of the cross bill would not take away the plaintiff's cause of action, or create a defence to the bill. *Kemp* v. *Mackrell,* 3 Atk. 812. *Cartwright* v. *Clark,* 4 Met. 104, 109. The fact that the admitted equity of the plaintiff, and the alleged equity of the defendants, arose in the same chain of title, does not bring them into an account current. The connection between them is merely the empirical one that they concern the same piece of land. The deeds in question are different deeds. The mistakes are in different matters.

The plaintiff's correction can be made without prejudice to the defendant's claim, and his right to it is not conditional upon his making the one demanded by the defendants, either by agreement or otherwise. Indeed, so far from alleging any such dependence, the defendants set out in their cross bill that they executed the deed which the plaintiff seeks to reform after they were aware of the errors alleged by them. This of itself is inconsistent with any right on the defendants' part to delay the plaintiff's having the deed in the form in which they intended him to have it until the question of the earlier mistake is settled. There is no reason why the court should create such a right by decree.

It is suggested that, unless the original deed is corrected, the present deed and decree will prejudice the defendants' rights. We express no opinion that the present deed prejudices them in any way; but if it does, it does so, not by reason of the correction now ordered, but by reason of the form in which the defendants were content to execute it when they knew of the earlier mistake. The cross bill alleges no mistake to the prejudice of the defendants in the present deed. The release ordered by the decree is simply a release of the defendants' rights in the plaintiff's land which they acquired by the mistake in the present deed.

*Decree affirmed.*