JOHN H. WEBBER *vs.* FOXBOROUGH CO-OPERATIVE BANK
& others.

Norfolk.    January 8, 1908. — March 2, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, & SHELDON, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets.  *Equity Pleading and Practice*, Bill.

A bill in equity against R. and B. and a bank alleged that the plaintiff had brought an action at law against R. and had attached certain real estate of his which was subject to a mortgage held by the bank, that, about a month and a half after the action was commenced, R., with the intention on his part and on the part of B. to defeat, delay and defraud the plaintiff in the collection of the debt due to him from R., conveyed his equity of redemption to B., that the bank foreclosed its mortgage by sale and received from the sale more than enough to ·satisfy the mortgage debt and expenses of foreclosure, that, about a year after ·the foreclosure, the plaintiff recovered judgment in the action at law, but no execution issued thereon until forty-six days after judgment, and it was returned to court in no part satisfied, that R. had no other property in the Commonwealth which could be applied to the payment of the plaintiff's judgment against him. The prayer of the bill was that the plaintiff's debt be paid out of the balance in the possession of the bank. The defendants demurred for want of equity in the bill. *Held*, that the demurrer must be overruled, since, on the allegations of the bill, the suit might be maintained under R. L. c. 159, § 3, cl. 8, as a suit to reach and apply in payment of a debt due to the plaintiff property which the defendant had conveyed with intent to defeat, delay or defraud his creditors.

BILL IN EQUITY, filed in the Superior Court for the county of Norfolk April 14, 1903, and later amended.

The allegations of the amended bill were in substance as follows:

(1) The plaintiff instituted a suit at law in the Superior Court for the county of Norfolk against the defendant Rogers on June 17, 1900, and on December 1, 1902, recovered judgment thereon in the sum of $311.12. On January 16, 1903, execution issued on said judgment, which had been returned to court unsatisfied. Rogers had not paid the judgment but had refused so to do. (2) At the time of the service of the plaintiff's writ in said action, the defendant was the owner of the equity of redemption in a certain lot of land with the buildings thereon situated in Wrentham in Norfolk County, which at that

time were and for a long time previous had been subject to a mortgage held by the defendant, Foxborough Co-operative Bank. (3) In the original suit of the plaintiff against the defendant Rogers, a general attachment of the defendant's real estate in the county of Norfolk was made on June 20, 1900, at the time of which attachment the defendant Rogers was the owner of the equity in the land at Wrentham, and no change in the title of the land occurred between said June 20, 1900, and August 1, 1900. " On or about said August 1, 1900, a paper writing purporting to be a deed of the equity in said property was made and delivered by " the defendant Rogers to the defendant Bird, and was recorded. At the time of said transfer, the said Rogers was indebted to the plaintiff in a large sum of money, to wit, more than $250, and had no other property with which to pay said indebtedness. The defendant Bird at the time he took said deed knew of the indebtedness of the said Rogers to the plaintiff, knew of the pendency of said suit, and also knew that said property was attached as aforesaid in said suit. " Nevertheless, the said Rogers made said transfer and the said Bird received the same, with the design on the part of both to fraudulently and illegally secure said property or equity for the benefit and advantage of the said Rogers, and for the purpose of putting said property beyond the reach or control of the said plaintiff, and to prevent him from recovering on any judgment he might obtain in said original action against said Rogers. Said transfer was made with the intent on the part of both said Rogers and said Bird to defeat, delay and defraud the plaintiff. Said conveyance was made without consideration, but, even if made with a consideration the plaintiff submits that it was still made in fraud of his rights as hereinbefore set forth, which fraud was participated in by both said Rogers and Bird, and said transfer therefore should be declared invalid." (4) The said Foxborough Co-operative Bank, " being instigated as the plaintiff believes ·and alleges by the said Everett advertised and sold said premises for the purpose of foreclosing said mortgage on December 6, 1901, and at said sale the said Everett bid off said property for the said Bird for the sum of $3,030, and said bank gave a deed of said property to said Bird, in whom the record title now stands." (5) The amount of said mortgage, interest due

and expenses of sale was $2,000, and there was a balance in the possession of said bank of $1,030, " the property of the said Rogers as the plaintiff believes and alleges, but which is claimed by the said Bird and from which said bank refuses to satisfy said execution." (6) " The said Rogers has no other property in this Commonwealth as far as the plaintiff can ascertain which can be applied to the payment of said judgment and the plaintiff has not therefore a plain, adequate and complete remedy at the common law."

The prayers of the bill in substance were that the defendant bank be enjoined from disposing of the money pending the suit, that the conveyance of the property to the defendant Bird be adjudged in fraud of creditors of the defendant Rogers, and that the plaintiff be allowed to satisfy his judgment from the money in the hands of the bank.

The defendant bank answered. The defendants Rogers and Bird demurred, alleging want of equity in the bill, and the demurrers were sustained by *Harris*, J., on April 11, 1905, but no decree was entered. The plaintiff on April 18, 1905, appealed " from the finding . . . sustaining the " demurrers. On February 12, 1907, the defendant Rogers filed a motion that the plaintiff's appeal be dismissed, and that the bill be dismissed, which motion was granted by *Bishop*, J., on April 1, 1907, and a final decree accordingly was entered on April 17, 1907, from which, on the same day, the plaintiff appealed.

The case was submitted on briefs.

*E. J. Whitaker*, for the plaintiff.

*E. C. Comey*, for the defendant bank.

*J. Everett*, for the defendant Delia A. Rogers.

KNOWLTON, C. J.   On June 17, 1900, the plaintiff brought a suit against the defendant Rogers to recover a debt, and attached her real estate, which was then subject to a mortgage to the Foxborough Co-operative Bank, another of the defendants.   On August 1, 1900, the defendant Rogers conveyed the equity of redemption to the defendant Bird, by a deed, which, according to the allegations of the bill, was fraudulent as against her creditors.   On December 6, 1901, the bank foreclosed its mortgage by a sale of the land, under the power, and received $1,030 more than enough to pay the mortgage debt and the expenses

of foreclosure.   On December 6, 1902, the plaintiff recovered a judgment against the defendant Rogers for $311.12.   The plaintiff failed to take out execution until January 16, 1903, forty-six days after the judgment, and thereby lost his lien upon the real estate by force of the attachment, and his right to recover the proceeds in equity, in accordance with the rule stated in *Wiggin* v. *Heywood*, 118 Mass. 514, and *Western Union Telegraph Co.* v. *Caldwell*, 141 Mass. 489, 492.   On April 14, 1903, he filed this bill, under the R. L. c. 159, § 3, cl. 8, upon an independent ground, namely, to enforce the right which every creditor of the defendant Rogers had to proceed against property conveyed by her in fraud of creditors.   This right is open to creditors alike at law and in equity, and it is entirely independent of any other proceedings that may have been taken previously for the collection of the debt.

If the plaintiff was neglectful in taking out execution and commencing proceedings for the enforcement of his lien under the attachment, he thereby lost his right in that proceeding, but it did not affect his right to begin a new suit of a different kind, such as any other creditor might bring.

The particulars of the fraud and the special purpose that induced it, and the intelligence or lack of intelligence of the parties in their method of accomplishing it, are immaterial upon these demurrers.   The bill sufficiently avers that the conveyance was fraudulent as against the creditors of the defendant Rogers, and that the defendant Bird, who received the conveyance, participated in the fraud.

<div align="right">

*Decree reversed ; demurrers overruled.*