WILLIAM C. BARTLETT *vs.* FRED M. MOORE & another.

Hampden.    June 23, 1919. — September 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Attachment,* Of real estate.

Where the plaintiff in an action at law has attached on mesne process an undivided
share of the defendant in certain real estate as an heir at law of his mother, and
after the attachment and before judgment the administrator of the mother's
estate sells the real estate for the payment of debts, retaining a surplus in which
the defendant's share is more than sufficient to satisfy the plaintiff's claim, and
where the plaintiff obtains judgment and immediately notifies the administra-
tor of his lien and demands payment of his claim from the proceeds of the sale

and within thirty days after the judgment brings a suit in equity to enforce his rights, the plaintiff has established his lien and is entitled to payment out of the proceeds of the sale in the hands of the administrator as against a creditor claiming under a subsequent attachment.

BILL IN EQUITY, filed in the Superior Court on November 26, 1915, alleging that on October 29, 1915, the plaintiff recovered judgment in the Police Court of Springfield against the defendant Fred M. Moore for $90.70 damages and $11.87 costs of suit, in an action in which, on July 22, 1915, he had attached all the right, title and interest which the defendant Moore had in real estate in Springfield or elsewhere in the county of Hampden; that at the time of the attachment the defendant Moore owned by descent from his mother Helen E. Moore one undivided third part of certain real estate in Springfield; that on or about August 31, 1915, the defendant Folsom as the administrator of the estate of Helen E. Moore sold said real estate for the payment of debts of the intestate and that there remained in his hands as surplus proceeds from the sale of the defendant Moore's one third interest the sum of $775.85; that on or about September 30, 1915, the plaintiff notified the defendant Folsom of the pendency of his action in said Police Court and of his attachment of the defendant Moore's property, and demanded that the defendant Folsom hold the share in the proceeds of the sale of said real estate belonging to the defendant Moore to satisfy such judgment, if any, as he might recover in said action; that on or about October 29, 1915, he demanded of the defendant Folsom as administrator the payment of his said judgment against the defendant Moore, which demand was refused; and that afterwards and within thirty days from said October 29 he brought this bill.  The bill recited the facts stated below in regard to the claim of the Western Massachusetts Cadillac Company and prayed that it might be made a party and that the plaintiff's rights against it might be determined.  There was a prayer that the defendant Folsom as administrator be ordered to pay over to the plaintiff from the funds in his hands and possession belonging to the defendant Moore the amount of said judgment with interest and costs; also a so called

CROSS BILL, filed in the Superior Court on September 12, 1917, by the Western Massachusetts Cadillac Company, alleging that

on April 8, 1915, this plaintiff sued a writ out of the Superior Court in an action of contract brought by it against the said Moore, upon which writ on April 9, 1915, attachment of all the right, title and interest which the said Moore had in real estate situate in said Springfield or elsewhere in the county of Hampden was made, which writ was returnable to the Superior Court on July 30, 1915, as of the first Monday of July, 1915, by agreement of counsel for both said plaintiff and defendant; that this plaintiff on said July 30 filed its petition that a special precept issue, directing the attachment of the goods, effects or credits of the defendant Moore in the hands and possession of the defendant Folsom, administrator, as trustee; that by virtue of such special precept attachment was made by trustee process of the goods, effects and credits of the defendant Moore in the hands and possession of the defendant Folsom as administrator, and he was summoned to appear and answer as alleged trustee on August 31, 1915, and September 9, 1915; that on December 6, 1915, this plaintiff secured judgment in said action against said defendant Moore for $1,500 damages, without costs, and against said defendant Folsom, administrator, as trustee, by default, he not having appeared or answered; that on January 3, 1916, this plaintiff sued a writ of scire facias against said defendant Folsom, as administrator, out of the Superior Court, and returnable on the first Monday of February, 1916, which writ was duly returned, and upon which judgment was entered against said Folsom, administrator, by default on March 6, 1916, for $1,522.20 damages, and $12.51 costs of suit; that this plaintiff's rights in and to the money in the hands and possession of the defendant Folsom are prior to and superior to those of the defendant William C. Bartlett and that this plaintiff is entitled to have said money applied to the payment of the amount of its judgment against the defendant Moore. The cross bill in addition to a prayer for this relief contained prayers, which are referred to in the opinion, for judgment against the defendant Moore and for determination of the company's rights against the defendant Folsom.

The answers both to the original bill and to the cross bill admitted all the allegations contained therein. It appeared by the allegations thus admitted that the plaintiff in the cross bill

abandoned its attachment of April 9, 1915, and sought to pursue its remedy by its attachment by trustee process and by scire facias as stated above.

The case came on to be heard before *Hamilton*, J., who at the request of the parties reserved and reported it upon the pleadings and the facts admitted therein for determination by the full court of all questions of law arising therefrom.

The case was submitted on briefs.

*S. Adams*, for William C. Bartlett.

*W. H. Brooks, J. P. Kirby & D. H. Keedy*, for the Western Massachusetts Cadillac Company.

BRALEY, J. The respective answers having admitted all the plaintiff's allegations, the replications are to be treated as waived, leaving for decision the questions, whether under the original bill complete relief should be given, and, if so, whether the cross bill can be maintained as to the remaining defendants. By the sale for the payment of debts of the intestate the real property, of which the defendant Moore as heir at law was seized of one undivided third part, was converted, and his fractional interest in the land entitles him to the same proportional share in the surplus in the administrator's possession and control.

The plaintiff, a creditor, having attached on mesne process all the heirs' right, title and interest in an action at law on which judgment was duly rendered, and having within thirty days thereafter brought the present bill to enforce his rights, the lien of the attachment on the debtor's share of the proceeds, which is more than enough to satisfy the judgment, although changed in form never has been dissolved and can be enforced in equity. R. L. c. 167, §§ 38, 55. *Wiggin* v. *Heywood*, 118 Mass. 514. *Hill* v. *Hill*, 196 Mass. 509, 518. R. L. c. 148, § 9.

The lien thus established having been prior to any rights acquired under the attachment by trustee process of the plaintiff company in the cross bill, no case for affirmative relief in any form is made out against the plaintiff in the original bill. Story, Eq. Pl. §§ 389, 392. *Slater* v. *Cobb*, 153 Mass. 22. The prayers for relief against the defendant Moore and the defendant Folsom, the administrator summoned as trustee, cannot be granted. The company not only has obtained judgment and execution against the debtor, but on scire facias judgment against the

trustee has been entered for the amount of the judgment with costs of suit. R. L. 189, §§ 20, 45. *Mechanics' Savings Bank* v. *Waite*, 150 Mass. 234. *Brown* v. *Floersheim Mercantile Co.* 206 Mass. 373, 376.

The result is that a decree is to be entered dismissing the cross bill and ordering that the plaintiff in the original bill is entitled to the amount of his judgment with interest and costs.

*Ordered accordingly.*