SERVICE MORTGAGE CORPORATION *vs.* ANNIE WELSON & others.

Hampden.    January 10, 1935. — February 24, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction,* To set aside conveyance in fraud of creditors,  To aid enforcement of judgment.   *Fraudulent Conveyance.    Uniform Fraudulent Conveyance Law.    Words,* "*Conveyance.*"

The alteration of an unrecorded discharge of a paid mortgage of real estate into an assignment of it was the creation of an encumbrance on the property and therefore a "conveyance" within G. L. (Ter. Ed.) c. 109A, § 1.

Under G. L. (Ter. Ed.) c. 109A, § 7, a conveyance made with actual intent to hinder and delay a creditor is fraudulent regardless of its effect upon the debtor's solvency.

Under G. L. (Ter. Ed.) c. 109A, a judgment creditor was entitled to a decree in equity establishing his priority over a mortgage on his debtor's land actually paid and discharged by an unrecorded discharge before his mesne attachment, if after the attachment the discharge had been altered into an assignment for the purpose of preventing satisfaction of any execution obtained by him.

A conveyance made with intent to hinder and delay a creditor was not void, but was voidable by the creditor only to the extent of his claim.

BILL IN EQUITY, filed in the Superior Court on March 13, 1934.

The final decree was entered by order of *Williams,* J.

*B. F. Evarts,* for the defendant Milton Welson.

*J. F. Hartnett,* for the plaintiff.

DONAHUE, J.   The plaintiff before bringing this bill in equity had recovered a judgment against the defendants Annie ·Welson and Joseph Welson, who are husband and wife, in an action at law in which an attachment of real estate belonging to Annie Welson had been made. ·At the time of the attachment the real estate was subject to a first and a second mortgage.   The plaintiff was proceeding to advertise a sale of the property on its execution (G. L. [Ter. Ed.] c. 236, §§ 26–30) when the defendant Milton Welson, a son of the other two defendants, claiming to be

the assignee and holder of the second mortgage, began the publication of notice of a foreclosure sale thereunder. The plaintiff then brought this bill. It alleged that the assignment of the mortgage was made without consideration, for the purpose of hindering, delaying and defrauding the plaintiff in violation of the uniform fraudulent conveyance law (G. L. [Ter. Ed.] c. 109A). It included prayers that the mortgage be discharged, that the assignment be declared null and void and for such further relief as the circumstances might require.

The case was referred to a master. An interlocutory decree from which no appeal was taken confirmed the master's report. The final decree declared that the mortgage was cancelled and discharged and no longer a lien on the premises against the plaintiff and persons claiming under it, that the assignment was void and that the defendant Milton Welson and persons claiming under him were enjoined from setting up any right under the mortgage. The defendant Milton Welson has appealed from the final decree.

Prior to the making of the attachment in the action in which the plaintiff obtained judgment, the defendants Annie Welson and Joseph Welson, as the result of negotiations with the holders of the second mortgage on the real estate here involved, paid to the holders an agreed sum for its discharge and the holders delivered to the attorney of Annie and Joseph Welson the mortgage note, the mortgage deed and a duly executed discharge of the mortgage. The money paid in discharge of the mortgage was not the money of the defendant Milton Welson. After the attachment of the real estate by the plaintiff in its action at law and because of the attachment, at the request of Annie and Joseph Welson acting through their attorney, the instrument discharging the mortgage was altered by one of the former holders to the form of an assignment of the mortgage to Milton Welson. The master found that this was done for the purpose of preventing the satisfaction of any execution issuing upon a judgment which might be obtained by the plaintiff in its action at law. Sub-

sidiary findings of the master warranted this conclusion. By reason of the assignment of a mortgage which no longer secured any debt there is an encumbrance on the title to the property which the plaintiff seeks through sale on its execution to apply to the payment of the debt established by its judgment. The creation of an encumbrance is a "conveyance" as that word is defined in the uniform fraudulent conveyance law. G. L. (Ter. Ed.) c. 109A, § 1. Although it does not appear that the transaction of assignment affected the debtors' solvency there was as to the plaintiff a fraudulent conveyance within the meaning of the statute because the encumbrance existed through the actual intent to hinder, delay or defraud the plaintiff. *Amer Realty Co. Inc.* v. *Spack,* 280 Mass. 96, 100. *Dondis* v. *Lash,* 277 Mass. 477, 484.

The plaintiff's bill was not brought under G. L. (Ter. Ed.) c. 214, § 3 (9), to reach and have applied to its debt through a decree of court the purported interest under the second mortgage which the assignment pretended to convey. The objective of the bill was the elimination of the effect of the existence of the assignment and the mortgage on the plaintiff's exercise of its rights under the attachment and execution. While attempting to make effective those rights through a sale on execution, the plaintiff found itself obstructed by a purported assignment of a mortgage. which in reality secured no debt. The enforcement at law of the plaintiff's rights under its execution was hindered and made inadequate since any purchaser at the execution sale must take a title subject on record to the encumbrance of the second mortgage and the price which could be obtained at such a sale would thereby necessarily be depreciated. Resort to equity when necessary for the purpose of enforcing the collection of an execution issued in a law action is a recognized branch of equity. *Rioux* v. *Cronin,* 222 Mass. 131, 137. *Parkhurst* v. *Almy,* 222 Mass. 27, 34. *Bartlett* v. *Moore,* 233 Mass. 481. *Pickard* v. *Clancy,* 225 Mass. 89, 91. *Wiggin* v. *Heywood,* 118 Mass. 514. *Worcester* v. *Boston,* 179 Mass. 41. Where, as here, a judgment creditor has acquired a lien through attachment in a law

action, the enforcement of which has been rendered inadequate by a fraudulent conveyance, he has in equity the right to have such obstacle removed. *State Bank of Ceresco* v. *Belk,* 68 Neb. 517. *Schofield* v. *Ute Coal & Coke Co.* 92 Fed. Rep. 269. Pomeroy, Equity Jurisprudence (4th ed.) § 2310. The encumbrance consists of the mortgage which now secures no debt and the assignment to Milton Welson for which no consideration was paid. The plaintiff is entitled to the removal of both obstacles to the exercise of its rights at law under its execution.

The final decree declared the assignment void and the mortgage cancelled and discharged. A fraudulent conveyance, though voidable, is not a void conveyance. *Pierce* v. *Le Monier,* 172 Mass. 508. *Harris* v. *Flynn,* 272 Mass. 8, 13. *O'Gasapian* v. *Danielson,* 284 Mass. 27, 34. Where creditors seek directly to reach and apply property fraudulently conveyed the conveyance may be set aside only to the extent necessary to satisfy the debts of creditors. *Allen* v. *Trustees of Ashley School Fund,* 102 Mass. 262, 266, 267. G. L. (Ter. Ed.) c. 109A, § 9. Where, as here, a creditor plaintiff seeks merely the freedom to collect his debt through the methods provided in a court of law, the relief to which he is entitled is the opportunity to proceed unhampered by the obstacles of the mortgage and the assignment. The decree should not have declared the assignment void. *Murray* v. *Murray,* 227 Mass. 345, 348. *Rolfe* v. *Clarke,* 224 Mass. 407, 412. A decree is to be entered providing in substance that the mortgage and the assignment do not constitute a lien on the premises as against the plaintiff or any person or persons claiming under or through the plaintiff and that the defendant Milton Welson and all persons claiming under or through him are perpetually enjoined from setting up or claiming any right under the mortgage or the assignment, and awarding costs to the plaintiff.

*Ordered accordingly.*