**In re Lena MESSIA.**

**Michael FEINMAN, Chapter 7 Trustee, Plaintiff,**

v.

**Lena MESSIA, Defendant.**

Bankruptcy No. 94–15335–WCH.
Adv. No. 94–1666.

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

July 13, 1995.

F. Kelley Landolphi, Louis J. Muggeo & Assoc., Salem, MA, for debtor.

Michael B. Feinman, Trustee, Andover, MA.

*DECISION REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT*

WILLIAM C. HILLMAN, Bankruptcy Judge.

On August 15, 1994, Lena Messia (the "Debtor") filed a voluntary Chapter 7 petition in this Court. Michael B. Feinman (the "Trustee") was appointed as trustee. Debtor's schedules included an interest in the real property located at 18 Cheryl Lane, Boston, Massachusetts (the "Property"), which Debtor valued at $135,000. She claimed an exemption of the entire $135,000 as an elderly person under M.G.L. c. 188, § 1A [1] through an election under 11 U.S.C. § 522(b)(2).

Debtor had been involved in an automobile accident (the "Accident") on or about November 16, 1993. On or about November 26,

1. "The real property ... of persons sixty-two years of age or older ... shall be protected against attachment, seizure or execution of judg-

ment to the extent of two hundred thousand dollars...."

1993, she filed a declaration of homestead in the Suffolk Registry of Deeds covering the Property. Subsequent to the filing of the Declaration, a personal injury action was brought against Debtor in Norfolk County Superior Court. At the time of the hearing on the within Motions, judgment had not yet issued in the state court action.

At the time of the Accident, the Debtor carried automobile insurance coverage with bodily injury limits of $20,000 per person and $40,000 per accident. The Property was essentially her sole asset.

The Trustee filed the within Complaint on October 19, 1994, contending that Debtor's action in filing the declaration of homestead was a fraudulent transfer, and seeking relief under 11 U.S.C. § 548(a)(1), § 544(b), M.G.L. c. 109A, §§ 9 and 10, and 11 U.S.C. § 550. Both parties have filed motions for summary judgment.

*Discussion*

Fed.R.Civ.P. 56, made applicable to adversary proceedings by Fed.R.Bankr.P. 7056, governs motions for summary judgment. It provides that

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The parties here are in agreement as to the operative facts and we can move on to the second element, entitlement to judgment as a matter of law.

Under Massachusetts law, homestead is not an automatic right. The claimant must file a declaration of homestead. M.G.L. c. 188, § 1A. Several exceptions to the applicability of the exemption are listed in the statute, including an exception for "any and all debts, encumbrances or contracts existing prior to the filing of the declaration." *Id.*

In order to attack the homestead declaration successfully as fraudulent and avoidable under the sections of the Bankruptcy Code relied upon by the Trustee, the provisions of those sections must be satisfied. I must determine in the first instance whether the act of declaring a homestead in accordance with state law is a *transfer*, as proof of a transfer is an essential element of the Trustee's case.

The Bankruptcy Code defines "transfer" as

> "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(54).

The definition is further elaborated upon in the Code's fraudulent transfer section which provides that

> "a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition." 11 U.S.C. § 548(d)(1).

Applying these definitions to a Massachusetts declaration of homestead, I find that it is not a transfer, and hence cannot be avoided by the Trustee. My conclusion is mandated by the language of the Code itself. Inherent in the quoted definitions is a requirement that a "transfer" include the acquisition of an interest by a third party. The emphasis is upon "disposing of or parting with" interests in property, which events do not occur when a homestead is declared. There is no third party involved in a declaration of homestead. Judge Boroff reached this same conclusion recently. *In re Van Rye*, 179 B.R. 375, 377–78 (Bankr.D.Mass.1995). Judge Kenner's decision involving the homestead statute, *In re Miller*, 113 B.R. 98 (Bankr.D.Mass.1990), is inapposite. It involved the issue of whether a tort claim not reduced to judgment is an existing debt excepted from the homestead exemption. Having found that there was no

transfer, I need not reach the *Miller* issue. The Trustee cannot prevail under § 548.

■ The Trustee also seeks relief under M.G.L. c. 109A, §§ 9 and 10. His asserted access to those provisions is by way of § 544(b). The last cited section goes beyond "transfers". The trustee is also empowered to avoid "any obligation incurred by the debtor that is voidable under applicable law."[2]

This latter phrase is somewhat akin to the language of the state statute. The Massachusetts law, adopting the 1918 Uniform Fraudulent Conveyance Act, speaks of a "conveyance or obligation"[3] and defines "conveyance" as "including every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or incumbrance."[4] There is no definition of "obligation." However, I do not believe that acquisition of the rights conferred upon a homestead claimant can be considered an "obligation," and the breadth of the state statute does not assist the Trustee in attempting to exercise rights under § 544.

I hasten to point out that other situations involving a declaration of homestead which might arise are not before me and I do not decide them. For example, there is no challenge here to a claimed exemption as an improper transfer of non-exempt assets to exempt assets. *See Miller* at 105. It is conceivable that "transfer" in that equitable context could have a different meaning than that demanded by the statutory edict here.

*Conclusion*

Upon review of the facts presented and the foregoing, this Court grants summary judgment in favor of the Defendant. The Trustee's motion is denied.

**2.** "The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim...."

**3.** M.G.L. c. 109A § 9 provides remedies for holders of matured claims; § 10 deals with claims which have not matured.

**4.** M.G.L. c. 109A § 1. *See Service Mortgage Corp. v. Welson*, 293 Mass. 410, 200 N.E. 278 (1936); *Joseph P. Manning Co. v. Shinopoulos*, 317 Mass. 97, 56 N.E.2d 869 (1944).