**In re Brian P. HILDEBRANDT, Debtor.**

**No. 03–44401–HJB.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 20, 2004.

Joseph B. Collins, Hendel & Collins, P.C., Springfield, MA, Chapter 7 Trustee.

Steven Weiner, Springfield, MA, for Brian P. Hildebrandt, Cheryl A. Conley.

### MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court is an "Objection to Exemption" (the "Objection") wherein the Chapter 7 trustee objects to the above-captioned debtor's claim of a homestead exemption under Massachusetts General Laws ch. 188 ("M.G.L."). At issue is whether a deed of real property from a debtor and his former co-owner to the debtor as sole owner, without an express reservation of a previously recorded declaration of homestead on the property, terminates the estate of homestead pursuant to M.G.L. ch. 188, § 7.

I.  *FACTS AND POSITIONS OF THE PARTIES*

The material facts are not in dispute. In 2000, Brian Hildebrandt (the "Debtor") and Ann Renaud ("Renaud"), unmarried, purchased real property located at 4 Klaus Anderson Road, Southwick, Massachusetts (the "Residence") as tenants in common. Later that year, the Debtor and Renaud recorded a Declaration of Homestead (the "Homestead") for the Residence pursuant to M.G.L. ch. 188.[1] There is no contention

---

1.  M.G.L. ch. 188, § 1 states in pertinent part: An estate of homestead to the extent of $300,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home . . . who occupy

that the Homestead was acquired improperly or was otherwise invalid at the time it was recorded in 2000. Subsequently, in 2003, the Debtor and Renaud terminated the tenancy in common by jointly deeding the Residence to the Debtor as sole owner. The Debtor recorded the new deed on April 1, 2003 (the "2003 Deed") but did not specifically reserve the Homestead.

On July 28, 2003, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Code"). On Schedule "C" of his petition, the Debtor listed the value of the Residence as $206,000 and claimed a $300,000 exemption in the Residence under M.G.L. ch. 188.[2] The Trustee responded with the instant Objection arguing that the conveyance of the property from the tenancy in common to the Debtor solely under the 2003 Deed terminated the Homestead pursuant to M.G.L. ch. 188, § 7.[3]

The Debtor maintains that, despite his failure to expressly reserve it under the 2003 Deed, the Homestead remains in full force and effect. He contends that the 2003 Deed did not "convey" the Residence as that term should be understood under M.G.L. ch. 188, § 7. In support of this contention, the Debtor argues that the 2003 Deed did not convey an interest in the Residence *away* from the Debtor, but rather, unified title *in* the Debtor. In fact, the Debtor alleges that, since the 2003 Deed did not convey an interest to a third person but only to the Debtor as grantee, the Homestead was actually supplemented by that transaction in that the equity interest he gained in the Residence from Renaud under the 2003 Deed is eligible for protection under the Homestead. The Debtor urges the Court to hew to the spirit of case law holding that chapter 188 should be "liberally construed in favor of Debtors." *Dwyer v. Cempellin*, 424 Mass. 26, 29, 673 N.E.2d 863, 866 (1996) (citations omitted).

The Trustee views the effect of the 2003 Deed differently. He argues that § 7 unambiguously establishes that a conveyance by deed terminates an existing homestead absent a reservation of the homestead in the deed. Accordingly, the Trustee argues that the 2003 Deed transferring title to the

---

or intend to occupy said home as principal residence.

. . .

For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common . . . .

M.G.L. ch. 188, § 1 (2000). While § 1 sets forth who may make a declaration of homestead and the extent of the exemption thereunder, M.G.L. ch. 188, § 2 establishes the manner in which a homestead exemption is actually acquired under chapter 188. Section 2 states that property "designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds . . . ." M.G.L. ch. 188, § 2 (2000).

**2.** A debtor is permitted to exempt a limited amount of property from the bankruptcy es-

tate pursuant to 11 U.S.C. § 522(b). In Massachusetts, a debtor may choose between the exemptions listed under § 522(d) and those available under state law. Pursuant to 11 U.S.C. § 522(b)(2)(A), the Debtor selected the exemptions available under Massachusetts law.

**3.** M.G.L. ch. 188, § 7 states in pertinent part:

An estate of homestead created under section two may be terminated during the lifetime of the owner by either of the following methods:(1) a deed conveying the property in which an estate of homestead exists, signed by the owner and owner's spouse, if any, which does not specifically reserve said estate of homestead . . . .

M.G.L. ch. 188, § 7 (2003). The parties hinge their arguments regarding the validity of the Debtor's right to the Homestead exemption on competing views of § 7.

Residence from Renaud and the Debtor as tenants in common to the Debtor as sole owner was a conveyance sufficient to terminate the Homestead under M.G.L. ch. 188, § 7.

The Trustee contends that *Dwyer v. Cempellin* is here inapplicable because the language of § 7 is not ambiguous. He notes that the Massachusetts Legislature presumably had the opportunity to exclude "self-transferees" (i.e., Renaud and the Debtor as tenants in common transferring sole ownership to the Debtor under the 2003 Deed) from the ambit of § 7, but they chose not to do so despite multiple amendments to chapter 188. The Trustee concludes, therefore, that there is no basis in the statute or its legislative history for the Court to overlook the plain meaning of § 7 and adopt the Debtor's position.

## III. *DISCUSSION*

Section 522(*l*) of the Code states that a debtor "shall file a list of property that the debtor claims as exempt," and, absent a timely objection from a party in interest, "the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*) (2004). Bankruptcy Rule 4003(c) assigns to the objecting party the burden of proving that such exemptions are not properly claimed. Fed. R. Bankr.P. 4003(c) (2004).

Here, the Debtor claimed an exemption in the Residence[4] under M.G.L. ch. 188. The Trustee timely filed his objection thereto arguing that the Homestead was terminated prior to the Chapter 7 filing and is no longer validly claimed. Thus, the Court is asked to determine whether an estate of homestead survives a conveyance by deed from tenants in common to one of those tenants as sole owner, absent a reservation of homestead pursuant to M.G.L. ch. 188, § 7.

It appearing that this question of state law is one of first impression in the District of Massachusetts, the Court is mindful at the outset of the *In re Miller* court's instruction that a bankruptcy court

ruling on an issue of state law must rule as it believes the highest court of the state would rule. When the highest court has not addressed the issue, the Bankruptcy Court should not regard lower court rulings on the issue as dispositive. Rather, it should attempt to predict what the highest court would do and to that end should accord proper regard to decisions of other courts of the state.

113 B.R. 98, 101 (Bankr.D.Mass.1990); *see also Caron v. Farmington Nat'l Bank (In re Caron)*, 82 F.3d 7, 9 (1st Cir.1996) (holding that a federal court must decide an issue of first impression regarding the interpretation of a state law according to its anticipation of how the highest state court would hold).

More broadly, the Supreme Court has repeatedly cautioned that when interpreting a statute, courts must look "to the particular statutory language at issue, as well as the language and design of the statute as a whole." *See Sullivan v. Everhart*, 494 U.S. 83, 89, 110 S.Ct. 960, 108 L.Ed.2d 72 (1990) (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)). Essentially, the court "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (citations omitted). The courts of the Commonwealth of Massachusetts have likewise specifically endorsed the view that "where the statutory language is clear, the courts must impart to the lan-

4. *See supra* note 2.

guage its plain and ordinary meaning." *Com. v. One 1987 Mercury Cougar Automobile,* 413 Mass. 534, 537, 600 N.E.2d 571, 573 (1992); *see Nationwide Mut. Ins. Co. v. Commissioner of Ins.,* 397 Mass. 416, 420, 491 N.E.2d 1061 (1986).

▪ Applying these judicial mandates to the case at bar, the Court turns to the language of the controlling statute and is compelled to observe that the language of M.G.L. ch. 188, § 7 is clear and unambiguous:

> An estate of homestead created under section two may be terminated during the lifetime of the owner by either of the following methods:*(1) a deed conveying the property in which an estate of homestead exists, signed by the owner and owner's spouse, if any, which does not specifically reserve said estate of homestead ....*

M.G.L. ch. 188, § 7 (2003) (emphasis supplied). A review of Massachusetts case law and statutory history provides no basis for this Court to conclude that there exists any ambiguity in the language of § 7. The Court may not, therefore, impart to the wording "a deed conveying the property" any meaning beyond that plainly associated with such terminology. To do otherwise would be to alter the construction of the statute and, thereby, legislative intent. *Shamban v. Masidlover,* 429 Mass. 50, 51–52, 705 N.E.2d 1136, 1138–39 (1999) (holding that despite the liberal construction afforded debtors under the homestead statute the courts cannot extend homestead protections in contradiction of plain and unambiguous statutory language).

A conveyance is defined as: "[t]o transfer or deliver (something such as a right or property) to another, esp. by deed or other writing; esp., to perform an act that is intended to create one or more property interests, regardless of whether the act is actually effective to create those inter-

ests." Black's Law Dictionary 357 (8th ed.2004). Further, a conveyance is defined as "including every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or encumbrance." *In re Messia,* 184 B.R. 176 (Bankr.D.Mass.1995). Nothing in the language of § 7 permits this Court to conclude that the term "conveyance" is used ambiguously.

Despite the Debtor's insistence that the 2003 Deed was a "self-transfer" and not a conveyance under § 7, thereby excepting the Homestead from termination, this Court finds no basis for such an argument given the plain meaning of the statute. The 2003 Deed conveyed title in the Residence from Renaud and the Debtor as tenants in common to the Debtor as sole owner. Since no reservation of the Homestead was made as M.G.L. ch. 188, § 7 requires, the 2003 Deed terminated the Homestead. Accordingly, a homestead exemption is not available to the Debtor.

## IV. CONCLUSION

Based on the foregoing, this Court sustains the Trustee's objection. An order will issue in conformance with this Memorandum of Decision.

## ORDER

For the reasons set forth in a Memorandum of Decision of even date, the objection of the Chapter 7 Trustee to the above-captioned debtor's claim of a homestead exemption under Massachusetts General Laws ch. 188 in real estate located at 4 Klaus Anderson Road, Southwick, Massachusetts is SUSTAINED.