Thomas S. **STREETMAN,**
**Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**In re Herbert E. RUSSELL, Debtor.**

**Civ. No. 93–1118.**
**Bankruptcy No. ED 84–058M.**
**Adv. No. 87–103M.**

United States District Court,
W.D. Arkansas,
El Dorado Division.

April 22, 1994.

Charles W. Baker, Rose Law Firm, Little Rock, AR, for Thomas S. Streetman, Trustee.

Thomas S. Streetman, Trustee, Arnold, Hamilton & Streetman, Crossett, AR.

Noreene C. Stehlik, U.S. Dept. of Justice, Tax Division, Washington, DC, P.K. Holmes, III, U.S. Attorney's Office, Fort Smith, AR, for U.S., defendant.

Susan Gordon Gunter, Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd., North Little Rock, AR, for Herbert E. Russell, debtor.

## MEMORANDUM OPINION

BARNES, District Judge.

Herbert E. Russell (Russell) filed a voluntary Chapter 11 bankruptcy petition on July 18, 1984. The bankruptcy court removed Russell as debtor-in-possession on March 19, 1985, and appointed co-trustees. Thomas S. Streetman (Trustee) currently serves as the trustee in the bankruptcy case. This action involves Russell's 1982 and 1983 tax returns and the trustee's attempt to amend those returns in order to receive a tax refund for the bankruptcy estate.

### I. Background

Russell acquired a $24,765,387 capital gain in 1981, then proceeded to invest his earnings in a number of business ventures that failed.

Russell experienced a $6,129,167 net operating loss in 1982 and a $3,891,604 net operating loss in 1983. Instead of carrying these net operating losses back to offset previous income which would have resulted in a tax refund, Russell elected to carry the losses forward to offset future income. This election to carry the net operating losses forward is irrevocable pursuant to Internal Revenue Code 26 U.S.C. § 172(b)(3)(C) (1988).

On February 17, 1986, the trustee filed amended federal tax returns on behalf of the bankruptcy estate for the years 1976 through 1981. The trustee carried back Russell's 1982 and 1983 net operating losses and claimed a refund of $1,234,134. The Internal Revenue Service (IRS) failed to approve the refund within the prescribed statutory period, and on March 19, 1987, the trustee filed this adversary proceeding in the bankruptcy court pursuing the tax refund.

On December 23, 1987, the government filed a motion for summary judgment contending that Russell's election to carry forward the net operating losses was irrevocable, and thus, the trustee was barred from attempting to carry back the losses pursuant to 26 U.S.C. § 172(b)(3)(C). The trustee responded that there were material issues of material fact to preclude summary judgment. For the first time, the trustee asserted that he was not seeking to revoke the election, but rather, to avoid the election under 11 U.S.C. §§ 548 and 549 (1988). The trustee argued that the debtor was insolvent when he made the 1982 election, and this was a fraudulent pre-petition transfer in violation of § 548. He also alleged that the 1983 election was an unauthorized post-petition transfer in violation of 11 U.S.C. § 549. Finally, he contended that there were genuine issues of material fact to preclude summary judgment. At the hearing on the summary judgment motion, the bankruptcy court found that the trustee failed to provide any evidence in opposition to the motion and held that the election was irrevocable. The court refused to address the issues concerning possible violations of §§ 548 and 549 because the trustee failed to raise those issues in the pleadings. *See Gibson v. United States (In re Russell)*, AP No. 87–103M (Bankr.

W.D.Ark. June 21, 1988). This decision was affirmed by the district court. *See Gibson v. United States (In re Russell)*, No. 88–1112 (W.D.Ark. Oct. 4, 1989).

The parties agreed to waive the procedural bar of the trustee's insufficient pleadings while before the Eighth Circuit Court of Appeals and asked the Eighth Circuit to decide the case on its merits. The Eighth Circuit held that a bankruptcy trustee may seek to avoid a debtor's irrevocable election to carry forward net operating losses. *See Gibson v. United States (In re Russell)*, 927 F.2d 413 (8th Cir.1991). The Court proceeded to address the trustee's arguments relating to §§ 548 and 549, but the case was remanded to the lower courts to determine "whether Russell's October 1984 election to carry forward the NOLs was in the ordinary course of business, what Russell's intent in making the August 1983 election was, and conduct other proceedings consistent with this opinion." *Id.* at 419.

## II. Case on remand

On March 25 through 31, 1992, the bankruptcy court held a trial regarding the trustee's allegations of Russell's fraudulent and post-petition transfers. The trustee's evidence mainly concerned whether Russell's 1982 pre-petition election to carry forward his NOLs amounted to a constructive fraudulent transfer pursuant to 11 U.S.C. § 548(a)(2) (1988). The bankruptcy court found that Russell's 1982 pre-petition election was not made "with actual intent to hinder, delay or defraud" Russell's creditors as prohibited by 11 U.S.C. § 548(a)(1). *See Streetman v. United States (In re Russell)*, 154 B.R. 723, 727 (Bankr.W.D.Ark.1993). The bankruptcy court further held that it had no jurisdiction to consider the trustee's claim that the pre-petition election was a constructive fraudulent transfer in violation of 11 U.S.C. § 548(a)(2). *Streetman*, 154 B.R. at 728. The bankruptcy court reasoned that the Eighth Circuit's mandate directed it to determine Russell's intent regarding the pre-petition election, and since constructive fraud requires no specific intent on part of the debtor, the mandate restricted the bankruptcy court's findings to actual fraud under § 548(a)(1). The bankruptcy court also

found that Russell's post-petition election to carry forward the NOLs was made in the ordinary course of business, and thus, was not an unauthorized post-petition transfer in violation of 11 U.S.C. § 549. *Id.* at 729–30.

## III. Discussion

The trustee contends on appeal that the bankruptcy court's decision should be reversed regarding 1) whether the bankruptcy court had jurisdiction to consider the trustee's arguments regarding 11 U.S.C. § 548(a)(2), i.e. constructive fraudulent transfer of the 1982 election; and 2) whether the bankruptcy court erred when it found that Russell's 1983, post-petition election was made in the ordinary course of business.

Also, the government contends that it has not waived sovereign immunity under 11 U.S.C. § 106 of the Bankruptcy Code for claims under §§ 548 and 549, and therefore this court lacks subject matter jurisdiction.

■ The bankruptcy court's legal conclusions are to be reviewed *de novo* and its findings of fact under the clearly erroneous standard. *Brown v. Mitchell (In re Arkansas Communities, Inc.),* 827 F.2d 1219 (8th Cir.1987).

### A. Sovereign immunity.

■ The government contends that even though the trustee is bringing a tax refund suit pursuant to 28 U.S.C. § 1346(a)(1), the trustee's theory of recovery rests upon the trustee's powers of avoidance pursuant to 11 U.S.C. §§ 548 and 549. The government argues that not only is the trustee seeking monetary relief in the form of a tax refund, but also is seeking non-monetary relief in the form of the avoidance of the elections pursuant to §§ 548 and 549. The government asserts that it has not waived sovereign immunity as to §§ 548 and 549, and therefore the trustee's suit is barred, and this court has no subject matter jurisdiction over the action.

This argument has no merit. The Eighth Circuit specifically ruled that this suit is not an action or proceeding under the Bankruptcy Code, but rather a tax refund suit under 28 U.S.C. § 1346(a)(1). *See Gibson,* 927 F.2d at · 417. Therefore the government has waived sovereign immunity pursuant to § 1346(a)(1), and the court has jurisdiction to hear this matter.

### B. The Eighth Circuit's mandate.

■ The bankruptcy court held that the Eighth Circuit's mandate limited the findings on remand to whether Russell actually defrauded his creditors under § 548(a)(1) in making the 1982 election to carry forward the NOLs. *See Streetman,* 154 B.R. at 728. The bankruptcy court acknowledged that both the trustee and the government devoted most of their evidence and arguments on the issue of whether the 1982 NOL election constituted a constructive fraudulent conveyance under § 548(a)(2). However, the bankruptcy court, *sua sponte,* decided that the mandate limited its review to § 548(a)(1). This court disagrees for the following reasons.

The matter before the Eighth Circuit concerned the merits of the government's summary judgment motion, i.e., whether the trustee's complaint was procedurally barred. Since both parties waived the procedural bar, the Eighth Circuit stated that "the threshold issue in this case is whether a trustee's powers under the Bankruptcy Code can be used to invalidate a debtor's irrevocable election under the Tax Code." *See Gibson v. United States (In re Russell),* 927 F.2d 413, 416 (8th Cir.1991). After finding that the trustee's avoiding powers allowed this type of action, the Eighth Circuit then proceeded to apply the law to what facts were before it. However, the government's summary judgment motion only attacked procedural grounds for dismissal and didn't concern Russell's alleged fraud, actual or otherwise. The Eighth Circuit made what findings it could, and remanded for further proceedings.

The Eighth Circuit characterizes the trustee's argument as follows: "[t]he Trustee next argues that Russell's election on his 1982 tax return to carry forward his NOLs constitutes a fraudulent transfer under the Bankruptcy Code." *Id.* at 418. Section 548 of the Bankruptcy Code allows a trustee to avoid transfers of property by the debtor made within one year of filing bankruptcy if the transfer was made with actual intent to defraud creditors, 11 U.S.C. § 548(a)(1), or if the debtor

received less than a reasonably equivalent value in exchange for the transfer and the debtor was insolvent when the transfer occurred, was undercapitalized, or intended to incur debts beyond his ability to repay, 11 U.S.C. § 548(a)(2). Although the trustee apparently did not limit his allegations against to Russell to actual fraud under § 548(a)(1), the Eighth Circuit only discussed the elements of § 548(a)(1) as they pertain to Russell. The Eighth Circuit's opinion is silent as to § 548(a)(2).

The bankruptcy court accurately noted that the mandate's language seemingly restricted the lower court to decide whether Russell intended to actually defraud his creditors. However, all the cases cited by the bankruptcy court involve issues that had been fully litigated on the merits by the lower court before the appeal to the circuit court, and thus, the circuit court had benefit of a lower court's evidentiary hearing and ruling based upon the substantive merits rather than the procedural merits. In this case, the trustee did not have the opportunity to pursue the constructive fraud argument before a trial court because the sole issue at hand was the procedural bar of the suit.

 The Eighth Circuit's silence regarding § 548(a)(2) is not necessarily a ruling by implication. "Lower courts are free to decide issues on remand so long as they were not decided on a prior appeal." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir.1982) (citing *Quern v. Jordan*, 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979)). An appellate court's silence simply leaves the matter open for consideration on remand. *Liberty*, 691 F.2d at 441. *See also Perkins v. Standard Oil*, 399 U.S. 222, 223, 90 S.Ct. 1989, 1990, 26 L.Ed.2d 534 (1970) ("Our failure to make explicit mention in the mandate of attorney's fees simply left the matter open for consideration by the District Court, to which the mandate was direct.").

 The Eighth Circuit has held that under the law of the case doctrine a district court is bound by all matters within the compass of an appellate court's opinion on an earlier appeal. *Houghton v. McDonnell Douglas Corp.*, 627 F.2d 858, 865 (8th Cir.

1980). Although this rule does not prevent litigation of issues on which the opinion is silent, the rule does prevent relitigation of issues which were either "expressly or impliedly disposed of on appeal." *Id.* at 865 (quoting *Thornton v. Carter*, 109 F.2d 316, 319–20 (8th Cir.1940)).

The Eighth Circuit's discussion of § 548(a)(1) and the following mandate did not expressly preclude consideration of § 548(a)(2) by the bankruptcy court. Since the trustee may use either § 548(a)(1) or § 548(a)(2) to establish that a debtor made a fraudulent conveyance, the reference to Russell's intent did not implicitly dispose of the constructive fraud argument. Also, the Eighth Circuit directed the bankruptcy court "to conduct other proceedings consistent with this opinion." *Gibson*, 927 F.2d at 419. The main focus of *Gibson* was whether the trustee could use his avoiding powers to avoid Russell's 1982 and 1983 elections. Section 548(a)(2) is an avoiding power of the trustee, and its determination in this action is thoroughly consistent with the mandate. The decision of the bankruptcy court that the mandate limited the remanded review of the 1982 election to § 548(a)(1) is hereby reversed.

### C. Ordinary course of business.

 The bankruptcy court found that Russell's 1983 election to carry forward the NOLs was made in the ordinary course of business. Whether a transfer was made in the "ordinary course of business is a factual determination which a reviewing court should not set aside unless it is clearly erroneous." *J.P. Fyfe, Inc. v. Bradco Supply Corp.*, 891 F.2d 66, 70 (3rd Cir.1989). The bankruptcy court's opinion regarding Russell's 1983 election is not clearly erroneous and is hereby affirmed.

### IV. Conclusion

Based upon the foregoing memorandum opinion, the bankruptcy court's decision is reversed in part and affirmed in part. The bankruptcy court is directed to consider whether Russell's 1982 election to carry forward his NOLs constituted a constructive

fraudulent conveyance under 11 U.S.C. § 548(a)(2) (1988), and conduct further proceedings consistent with this opinion.