Thomas S. STREETMAN, Trustee,
Appellant/Cross–Appellee,

v.

UNITED STATES of America,
Appellee/Cross–Appellant.

In re Herbert E. RUSSELL, Debtor.

Civ. No. 95–1006.
Bankruptcy No. ED84–058M.
Adv. No. 87–103M.

United States District Court,
W.D. Arkansas,
El Dorado Division.

July 31, 1995.

Charles W. Baker, Rose Law Firm, Little Rock, AR, for appellant/cross-appellee, Thomas S. Streetman, Trustee.

Noreene C. Stehlik, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellee/cross-appellant, United States of America.

## MEMORANDUM OPINION

BARNES, District Judge.

This proceeding is a tax refund action filed by the Trustee in this Chapter 11 bankruptcy case. The Trustee and the United States have each appealed the findings of the bankruptcy court, and it is before the district court for a third time. Oral arguments were heard on June 20, 1995, and the following is the Court's review of the bankruptcy decision and judgment pursuant to Fed.R.Bankr.P. 8013.

### I. BACKGROUND

In the early 1980s, Herbert E. Russell (Russell) was engaged in the oil and gas exploration business from which he received a capital gain of almost $25,000,000 in 1981. Russell invested this money in various business ventures that eventually proved to be unsuccessful, and Russell filed a voluntary Chapter 11 bankruptcy petition on July 18, 1984.

Russell's investments immediately began losing money, and by 1982 and 1983, his business losses far exceeded any business income. Russell filed his 1982 federal tax return on August 12, 1983 (pre-bankruptcy petition), pursuant to an extension from the Internal Revenue Service (IRS). Russell filed his 1983 federal tax return on September 26, 1984 (post-bankruptcy petition), also pursuant to an extension from the IRS. Both tax returns reported substantial net

operating losses (NOLs) which Russell elected to carry forward and use to offset future income, rather than carry the NOLs back to offset past income.[1]

Russell initially operated the bankruptcy estate as a debtor-in-possession, but was replaced by co-trustees. Mr. Thomas S. Streetman currently serves as the estate's Trustee. On February 17, 1986, the Trustee filed amended federal tax returns on behalf of the bankruptcy estate for the years 1976 through 1981. The Trustee utilized the amended returns to carry back the 1982 and 1983 NOLs to claim a tax refund of $1,234,134. After the IRS failed to approve the refund within the statutory period, the Trustee filed a tax refund suit in the bankruptcy court on March 19, 1987.

On June 27, 1988, the bankruptcy court held that Russell's NOL elections were irrevocable under the Tax Code, specifically 26 U.S.C. § 172(b)(3)(C), and granted the IRS's motion for summary judgment. The bankruptcy court refused to address the Trustee's arguments that the elections were avoidable as improper transfers under the Bankruptcy Code because these issues were not properly raised in the pleadings. The district court affirmed the bankruptcy court's decision and found that the Trustee's arguments were procedurally barred.

On appeal to the Eighth Circuit Court of Appeals, the IRS and Trustee agreed to waive the procedural bar in order to receive a decision on the merits of the Trustee's claims. The Eighth Circuit stated:

We believe that the purpose underlying a bankruptcy trustee's avoidance powers and the danger of permitting a debtor to manipulate improperly the Tax Code require that a trustee have the ability to avoid a debtor's irrevocable election to carry forward NOLs under 26 U.S.C. § 172(b)(3)(C). This ability allows a trustee to avoid an election, not revoke it. Once an election is avoided, however, it is as if the election had never been made, and a trustee is free to elect as she sees fit.

Therefore, we believe a bankruptcy trustee may seek to avoid a debtor's irrevocable election to carry forward NOLs.

*Gibson v. United States (In re Russell )*, 927 F.2d 413, 417 (8th Cir.1991). The Eighth Circuit proceeded to discuss the application of the Bankruptcy Code to the NOL elections and found that further proceedings were necessary for a final determination. The Eighth Circuit reversed and remanded the case to the district court with instructions to return the case to the bankruptcy court for a determination "whether Russell's October 1984 election to carry forward the NOLs was in the ordinary course of business, what Russell's intent in making the August 1983 election was, and conduct other proceedings consistent with this opinion." *Gibson*, 927 F.2d at 419.

From March 25 through March 31, 1992, the bankruptcy court held a trial on the issues of whether Russell's elections to carry forward the NOLs violated certain Bankruptcy Code provisions. The 1982 NOL election is governed by 11 U.S.C. § 548 since it was made before Russell filed bankruptcy.[2] The

1. The Eighth Circuit has explained the mechanics of NOLs in a previous decision involving this case.

NOLs are created when the taxpayer's deductible business expenses for a given year exceed her net income for that year. 26 U.S.C. § 172(c). Once NOLs are sustained, the taxpayer may carry the loss back three years and use it as a deduction in that year. NOLs that remain are applied to the next two years and deducted accordingly. *Id.* § 172(b)(1)(A), (b)(2). If any loss remains at the end of the three-year carryback period, it is carried forward and deducted from the taxpayer's income over the next fifteen years (or until it is exhausted), beginning with the year after the loss was initially sustained. *Id.* § 172(b)(3)(C). Such an election, once made, is irrevocable for that tax year. *Id.*

*Gibson v. United States (In re Russell)*, 927 F.2d 413, 415 (8th Cir.1991).

2. 11 Section 548(a) provides in relevant part as follows:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

1983 NOL election is governed by the post-petition transaction provision, 11 U.S.C. § 549.[3]

On April 23, 1993, the bankruptcy court entered an opinion holding that Russell's pre-petition transfer, *i.e.* the election to carry forward the 1982 NOLs, was not "actually intended to defraud creditors" within the meaning of 11 U.S.C. § 548(a)(1). *Streetman v. United States (In re Russell)*, 154 B.R. 723, 727 (Bankr.W.D.Ark.1993). The bankruptcy court did not consider whether the election constituted constructive fraud as defined by 11 U.S.C. § 548(a)(2), holding that the Eighth Circuit's mandate failed to remand that issue for determination. *Id.* at 728. The bankruptcy court then determined that Russell's post-petition transfer, i.e. the election to carry forward the 1983 NOLs, was made in the ordinary course of business. *Id.* at 729. Both parties appealed to the district court.

On April 22, 1994, the district court entered an opinion affirming the bankruptcy court decision in part and reversing it in part. *Streetman v. United States (In re Russell)*, No. 93–1118, 1994 WL 850527 (W.D.Ark. Apr. 22, 1994). The district court reversed the bankruptcy court's decision that the Eighth Circuit failed to remand the § 548(a)(2) constructive fraud issue, and the district court remanded the case to the bankruptcy court for further proceedings on that issue. The district court affirmed the bankruptcy court's finding that the election to carry forward the 1983 NOLs was made in the ordinary course of business pursuant to 11 U.S.C. § 549. *Streetman*, No. 93–1118, slip op. at 9 (W.D.Ark. Apr. 22, 1994).[4]

After the remand, the bankruptcy court found that Russell's election to carry forward the 1982 NOLs was made for less than a reasonably equivalent value and constituted constructive fraud pursuant to 11 U.S.C. § 548(a)(2). The IRS appeals this finding. The Trustee appeals the previously affirmed bankruptcy court finding that the election to carry forward the 1983 NOLs was made in the ordinary course of business pursuant to § 549.

## II. DISCUSSION

The district court sits as an appellate court when an appeal is taken from the bankruptcy court. *See* 28 U.S.C. § 1334(a). The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. Fed. R.Bankr.P. 8013. The bankruptcy court's legal conclusions are to be reviewed *de novo* and its findings of fact under the clearly erroneous standard. *Brown v. Mitchell (In re Arkansas Communities, Inc.)*, 827 F.2d 1219 (8th Cir.1987).

> A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or "if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Johnson v. Arkansas State Police*, 10 F.3d 547, 552 (8th Cir.1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948)).

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

**3.** Section 549 provides in relevant part:
(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
(1) [made] that occurs after the commencement of the case; and
(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

**4.** The IRS also argued that the Internal Revenue Code had not waived sovereign immunity for suits of this nature. That argument was not persuasive to the district court. The IRS has since abandoned this argument due to an intervening legislative enactment. 11 U.S.C. § 106 was amended by Pub.L. 103–394, section 113 (1994) to expressly waive government sovereignty with respect to §§ 548 and 549 of the Bankruptcy Code. Section 702(b)(2)(B) of Pub.L. 103–394 made the legislative changes applicable to pending cases.

### A. Election to carry forward the 1982 NOLs.

11 U.S.C. § 548 allows a Trustee to avoid a debtor's transfer of property made within one year of filing for bankruptcy if the debtor intended to hinder, delay, or defraud a creditor, or if the debtor received less than a reasonably equivalent value in exchange for the transfer made while the debtor was insolvent. The bankruptcy court previously held that the Trustee failed to prove that Russell actually intended to defraud his creditors by electing to carry his 1982 NOLs forward, and this finding was not appealed. The sole issue regarding the 1982 NOL election is whether it constituted constructive fraud.

 "Whether a transfer is made for reasonably equivalent value is a question of fact to be determined in light of the facts presented in each particular case." *First Nat'l Bank v. Minnesota Util. Contracting, Inc. (In re Minnesota Util. Contracting, Inc.)*, 101 B.R. 72, 84–85 (Bankr.D.Minn. 1989) (citing *Jacoway v. Anderson (In re Ozark Restaurant Equip. Co.)*, 850 F.2d 342 (8th Cir.1988)). In making this determination, "[t]he court may employ for its guidance any comparative formula or combination of formulas it deems appropriate, while carefully considering whether the analysis employed fully recognizes the relevant factors and protects the interests of the parties." *Joing v. O & P Partnership*, 82 B.R. 495, 499 (D.Minn.1987). The date for determining whether a transfer was made for a reasonably equivalent value is the date the transfer occurred. *Cooper v. Ashley Communications, Inc. (In re Morris Communications NC, Inc.)*, 914 F.2d 458, 466 (4th Cir.1990).

The Trustee's expert, Robert M. Winter, a certified public accountant, testified that Russell did not receive a reasonably equivalent value in exchange for carrying the NOL forward. Given the fact that Russell's business activities were generating losses and would probably continue to do so, Winter testified that Russell's NOLs for the years 1982 and 1983 should have been carried backward for a substantial refund. Winter noted that when the 1982 NOL election was made in August of 1983, Russell had accumulated substantial NOLs for the 1983 tax year, and it was reasonable that an accountant should have seen the possibility of a significant refund based upon the 1982 and 1983 NOLs.[5] Winter further opined that Russell was insolvent at the time he elected to carry his 1982 NOLs forward. Winter based this opinion upon Russell's bankruptcy schedules and the Bankruptcy Code's definition of insolvency. *See* 11 U.S.C. § 101(32). Winter testified that, as sworn documents, the bankruptcy schedules had more validity than financial statements and documents prepared by other individuals.

Neil Demchick, a certified public accountant, testified on behalf of the IRS. He opined that Russell received a reasonably equivalent value in exchange for carrying the NOLs forward. Demchick based his opinion on Russell's financial statements, depositions of Russell's accountants, and postpetition valuations of Russell's property and holdings. Demchick stated that if Russell had restructured his debt payments, sold some of his holdings, and collected on most of his accounts receivable, he would have generated sufficient income in the future to utilize the NOLs. Demchick also opined that Russell was solvent at the time of the election, provided the above events occurred.

The bankruptcy court found that Winter's opinions were supported by the evidence, while Demchick's opinions were based mostly upon hypothetical facts and unaudited financial statements Russell published in 1993. Upon finding that Winter's opinions were more credible than Demchick's, the bankruptcy court held that the election to carry forward the 1982 NOLs should be set aside pursuant to 11 U.S.C. § 548(a) (1988). Upon reviewing the record, and giving due regard to the bankruptcy court's opinion as to the credibility of the witnesses, this Court finds that the bankruptcy court's decision that the

---

**5.** Winter explained that carrying back only the 1982 NOLs would have produced a $232,000 refund, and carrying back only the 1983 NOLs would have produced a $34,000 refund. He further stated that if Russell carried both the 1982 and 1983 NOLs back he would have received approximately one million dollars in refunds. Winter said this scenario could and should have been considered when contemplating the 1982 NOL election.

election violated § 548(a)(2) was not clearly erroneous.

### B. Election to carry the 1983 NOLs forward.

Section 549 of the Bankruptcy Code allows a Trustee to avoid a transfer of estate property that occurs after the commencement of the bankruptcy case and is not authorized by a court or the Code. 11 U.S.C. § 549(a). Russell was initially appointed as debtor-in-possession after filing for Chapter 11 bankruptcy, and as such, had the power to operate his business pursuant to 11 U.S.C. § 1108. Section 363(b) of the Bankruptcy Code provides that a debtor-in-possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Since Russell's election to carry forward his 1983 NOLs occurred after his bankruptcy filing, and without notice and a hearing, it must have occurred "in the ordinary course of business" to constitute an authorized transfer under § 549. The Trustee contends that the election to carry forward the 1983 NOLs did not occur in the ordinary course of business and should be avoided pursuant to § 549.

■ The IRS notes that the bankruptcy court has previously ruled that the election was made in the ordinary course of business, and the decision was affirmed by the district court in *Streetman v. United States (In re Russell)*, No. 93–1118, 1994 WL 850527 (W.D.Ark. Apr. 22, 1994). In that decision, the district court affirmed the bankruptcy court's decision regarding the 1983 NOL election and remanded the issue of the 1982 NOL election. The IRS contends that the district court's decision became "the law of the case" and the issue of the 1983 NOL election may not be revisited.

■ The Eighth Circuit has explained the law of the case doctrine as generally requiring that "a decision of a former appeal be followed in any subsequent proceedings in that court or a lower court unless evidence subsequently introduced is substantially different or the decision is clearly erroneous and works manifest injustice." *South Cent. Enterprises, Inc. v. Farrington (In re Pro-*gressive Farmers Ass'n)*, 829 F.2d 651, 655 (8th Cir.1987) (citations omitted). The Trustee contends the bankruptcy court's previous finding that the 1982 NOL election constituted constructive fraud conflicts with the bankruptcy court's earlier ruling that the 1983 NOL election was made in the ordinary course of business. This Court agrees.

Upon reviewing the bankruptcy court's decisions together, along with the record, this Court is left with a firm conviction that a mistake was made, and the bankruptcy court's decision regarding the 1983 NOL election was clearly erroneous. Additionally, this Court's previous ruling affirming the bankruptcy court's decision is also erroneous and works a manifest injustice in view of all the evidence now before this Court. Therefore, the law of the case doctrine will not be employed in this decision.

The bankruptcy court utilized the two-pronged test advanced in *Johnston v. First Street Companies (In re Waterfront Companies, Inc.)*, 56 B.R. 31 (Bankr.D.Minn.1985) in determining whether the election was made in the ordinary course of business. *Streetman*, 154 B.R. at 729. These prongs are known as the horizontal dimension test and the vertical dimension (or creditor expectation) test, and ordinarily, a transaction must satisfy both tests in order to be considered in the ordinary course of business. *Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700 (9th Cir.1988); *Johnston v. First Street Companies (In re Waterfront Companies, Inc.)*, 56 B.R. 31 (Bankr.D.Minn.1985).

The horizontal dimension test involves "an industry-wide perspective in which the debtor's business is compared to other like businesses. In this comparison, the test is whether the postpetition transaction is of a type that other similar businesses would engage in as ordinary business." *Burlington*, 853 F.2d at 704. The vertical dimension, or creditor's expectation test, views the disputed transaction from the vantage point of a hypothetical creditor and inquires whether the transaction conducted is ordinary and consistent with the reasonable expectations of creditors. *Johnston*, 56 B.R. at 35. The

bankruptcy court held that the election to carry forward the 1983 NOLs satisfied both tests.

In finding that the 1983 NOL election was made in the ordinary course of business, the bankruptcy court stated "[t]he fact that the debtor's tax advisors were unreasonably optimistic or negligent does not transform the activity in question from ordinary course of business to not ordinary course of business" and "the distinction here is that *the debtor did receive a contingent benefit in return for the election* which could have benefited the estate if certain events had transpired in the future." *Streetman v. United States (In re Russell)*, 154 B.R. 723, 729–730 (Bankr. W.D.Ark.1993) (emphasis added). Theses findings differ significantly from the bankruptcy court's later opinion.

In finding that the 1982 NOL election was fraudulent, the bankruptcy court found that the "*evidence is overwhelming that neither the debtor nor the estate received any value for carrying the NOL forward*," and the "evidence is convincing that the debtor was insolvent by a substantial amount." *Streetman v. United States (In re Russell)*, AP No. 81–103M, slip op. 4, 6, 1994 WL 850527 (Bankr. W.D.Ark.1994) (emphasis added).

This Court is unable to reconcile the bankruptcy court's holdings. If Russell's tax election was constructively fraudulent in 1982, it is inconceivable that the same election was made in the ordinary course of business in 1983. Although the Court can conceive of situations where a debtor's routine transfer could be constructively fraudulent before bankruptcy and made in the ordinary course of business after bankruptcy, this situation is not one of them.

Although the facts at hand are difficult to apply to the horizontal dimension test, it is clear that Russell's forgoing of the potential refund violates the vertical dimension, or creditor expectation test. The touchstone of the vertical dimension test is that creditors have no right to notice and a hearing to ordinary transactions because their objec-

tions are likely to relate to the debtor's Chapter 11 status rather than the particular transaction. *Armstrong World Inds., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 394 (S.D.N.Y. 1983). The Trustee is clear that his interest is in this particular transaction, not Russell's Chapter 11 status.[6] Therefore, the bankruptcy court's decision that the 1983 NOL election was made in the ordinary course of business is reversed.

### III. CONCLUSION

 In his oral argument, the Trustee requested reversal of the bankruptcy court's judgment without a remand so that this matter may proceed on its inevitable course to the Eighth Circuit Court of Appeals. In a bankruptcy case, "remand is not necessary when the evidence is documentary, the facts are undisputed or the record presents no genuine issue of material fact." *Brown v. Mt. Prospect State Bank (In re Muncrief)*, 900 F.2d 1220, 1224 (8th Cir.1990) (quoting *In re Neis*, 723 F.2d 584, 588 (7th Cir.1983)). Considering this case's procedural history, this request seems prudent and will be granted.

Therefore, the bankruptcy court's finding that Russell's election to carry forward the 1982 NOLs constituted constructive fraud pursuant to 11 U.S.C. § 548(a)(2) is affirmed. The bankruptcy court's finding that Russell's election to carry forward the 1983 NOLs was made in the ordinary course of business is hereby reversed. The Trustee may avoid Russell's 1983 NOL election pursuant to 11 U.S.C. § 549(a).

The parties are directed to submit their computations of the amount payable to the Trustee, and a final judgment will be entered at that time.

IT IS SO ORDERED.

---

**6.** The Trustee primarily contends that the bankruptcy court's decision was based upon a mistake of law. The bankruptcy court stated "[a]bsent a showing of bad faith or fraud, the debtor's act of exercising a tax election is in the ordinary course of business." *Streetman*, 154 B.R. at 730. The

Trustee is correct that the Bankruptcy Code does not support the bankruptcy court's statement; however, this Court feels that regardless of this statement, the bankruptcy court would have reached the same result.